UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

IN RE                                                          )
                                                               )    Case No. 09-03648-TLM
THOMAS ALAN ASHWORTH                                           )
and DEBRA FAYE ASHWORTH                                        )    Chapter 13
                                                               )
                          Debtors.                             )
_____                        )

### MEMORANDUM OF DECISION

Before the Court in this chapter 13[1] case is an unsecured creditor's request for an order providing that its untimely proof of claim be allowed and paid as if it were timely filed. The matter was taken under advisement after providing the creditor an opportunity to provide authority in support of that request. This Decision resolves the matter.[2]

## BACKGROUND AND FACTS[3]

Thomas and Debra Ashworth ("Debtors") filed a petition for chapter 13 relief on November 19, 2009. Doc. No. 1. Their chapter 13 plan was filed the

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532 (the "Code"), and all rule references are to the Federal Rules of Bankruptcy Procedure 1001–9037.

[2] The Decision constitutes the Court's factual findings and legal conclusions. Fed. R. Bankr. P. 7052, 9014.

[3] The facts are taken solely from the Court's record, which is considered pursuant to Fed. R. Evid. 201.

MEMORANDUM OF DECISION - 1

same date. Doc. No. 10 ("Plan"). The Plan proposed to "strip-off" the totally unsecured, second position deed of trust lien on Debtors' residence held by HSBC Mortgage. *Id.* at 11-12, ¶ 9. The Plan also indicated that any claim of HSBC Mortgage would be deemed unsecured and treated under ¶ 7.2 which provided that the chapter 13 trustee would pay, after payment of priority and secured claims, "pro-rata dividends to all creditors who have filed timely allowed unsecured claims." *Id.* at 11. The Plan was confirmed on March 19, 2010. Doc. No. 27. The Confirmation Order provided that the lien avoidance would be effective upon plan completion. *Id.* at 3, ¶ F.

On October 19, 2010, the holder of the first position secured claim on the Debtors' residence obtained relief from the § 362(a) automatic stay. Doc. No. 41. The underlying § 362(d) motion was served on HSBC Mortgage. Doc. No. 38 at 9. A month later, and some ten months after confirmation of the Plan, HSBC Mortgage Services Inc. ("HSBC") filed a "Motion for Order for Allowance and Future Payment on Untimely Filed Claim(s)." Doc. No. 43 ("Motion"). The Motion cites no legal authority for the relief sought, but states that the failure to timely file the claim was based on "excusable neglect."[4]

The Motion drew an objection from Debtors, Doc. No. 44, and from the

---

[4] HSBC alleged that in the Motion it was "not properly notified" of the bankruptcy filing. HSBC did not, however, seek to set aside the confirmation order or argue that confirmation or lien-stripping was improper. And the *facts* regarding the allegedly inadequate service or notice were never presented; neither HSBC nor any other party presented evidence in any fashion.

MEMORANDUM OF DECISION - 2

chapter 13 trustee, Kathleen McCallister ("Trustee"), Doc. No. 45.  At a hearing on January 19, 2011, Debtors' counsel advised that Debtors' objection had been "resolved."  Trustee pressed her objection.[5]  The Court ordered HSBC to provide authority in support of its Motion.  Doc. No. 48 (minute entry).

On January 26, 2011, HSBC filed its 2-page brief.  Doc. No. 49.  It does not attempt to argue that the Motion based on "excusable neglect" is well taken, and provides no authority that it is.  Instead, it argues that even if the Motion is denied, there has been no objection "to the claim itself," only objections to the Motion, and therefore the claim could be allowed under § 502(a).  In this latter regard, HSBC relies solely on *In re Smith*, 2010 WL 5018379 (Bankr. W.D. Wa. Dec. 3, 2010).

**DISCUSSION AND DISPOSITION**

HSBC's Motion asks for an Order providing that the untimely filed claim be allowed and treated as a timely filed claim, on the basis of "excusable neglect."  As noted, nothing was provided to support the contention that excusable neglect provides a basis for entry of such an order.  In fact, the authorities are flatly to the contrary.  *Gardenhire v. IRS (In re Gardenhire)*, 209 F.3d 1145, 1148-49 (9th Cir. 2000); *Zidell, Inc. v. Forsch (In re Coastal Alaska Lines, Inc.)*, 920 F.2d 1428,

---

[5] Trustee's objection not only argued that the Motion should be denied and an order be entered providing "that the late filed claim is not allowed," but also that the Court should rule on whether HSBC's claim would be dischargeable.  The latter point is outside the proper scope of the pleadings and will not be addressed.

MEMORANDUM OF DECISION - 3

1431-33 (9th Cir. 1990); *In re Hyde*, 413 B.R. 719, 721, 09.2 I.B.C.R. 40 (Bankr. D. Idaho 2009)[6]; *In re Johnson*, 262 B.R. 831, 845, 01.2 I.B.C.R. 72, 76 (Bankr. D. Idaho 2001).[7] The Motion will therefore be denied.[8]

HSBC argues in its brief that, even if the Motion is found not well taken and therefore denied, the Court should nevertheless find that the untimely claim is "deemed allowed pursuant to section 502(a)." Doc. No. 49 at 2.[9] This argument is based on the decision in *Smith*, and on § 502(a) which treats a claim as "deemed allowed, unless a party in interest . . . objects." In *Smith*, there were no objections to the claim, and HSBC contends the same situation exists here. HSBC is wrong; Trustee's objection not only asks that the Motion be denied but also "requests entry of an order that the late filed claim is not allowed[.]" Doc. No. 45 at 2. This not only distinguishes *Smith*, it makes irrelevant the argument that there is an absence of objection to the claim that results in the untimely claim being deemed

---

[6] *Hyde* was a chapter 12 case, however Rule 3002(c), which provides the foundation for the analysis, applies to both chapter 12 and chapter 13 cases.

[7] Even *Smith*, on which HSBC relies for its alternative argument, recognized that the excusable neglect standard does not permit the court to extend the time for filing claims. *See* 2010 WL 5018379 at *1 (citing *Coastal Alaska Lines*).

[8] That the Motion was signed, filed and advanced on the excusable neglect theory without a credible basis in law is, of course, problematic. *See* Fed. R. Bankr. P. 9011(b)(2).

[9] This is an entirely new, unpleaded argument. The Motion raised only the untenable contention of excusable neglect. Indeed, the proposed order submitted with the Motion provides only that HSBC's "untimely claim . . . shall be paid as if such claim were timely filed." *See* Doc. No. 43-3.

MEMORANDUM OF DECISION - 4

allowed by statute.[10]

And, if one sets aside the fact that the proposed order of HSBC wanted the untimely claim to be treated "as if" it were a timely claim, and focuses instead on HSBC's newest argument that under § 502 it has a "deemed allowed" claim in the absence of objection, HSBC fails to address another salient point. Section 502 speaks to whether a claim is "deemed allowed" but without any direction as to whether it is deemed allowed as an untimely claim or as a timely claim.[11]

Rule 3002(c) establishes the timeliness of the claim in the chapter 13 case. It requires a proof of claim to be filed within 90 days of the first date set for the § 341(a) meeting in order to be timely filed. The claim bar date in Debtors' case was March 21, 2010. HSBC's proof of claim was filed on November 22, 2010.

If, due to lack of objection, HSBC has a "deemed allowed" claim, it is an allowed untimely claim. HSBC is then faced with the provision in ¶ 7.2 of the confirmed Plan, quoted above, which limits payments under that class to only those "creditors who have filed *timely* allowed unsecured claims." A deemed allowed untimely claim would provide HSBC no relief under the circumstances

---

[10] The Court therefore does not express an opinion on the situation where there is no objection to claim at all, as it simply is not the case at bar.

[11] *Smith* discusses treatise authorities on whether there is a distinction between timely and untimely claims in chapter 13. The Court need not reach that issue given the express language of the Plan in the instant case.

MEMORANDUM OF DECISION - 5

presented.[12]

**CONCLUSION**

Upon the foregoing, the Court determines that HSBC has not established that its Motion is well taken. Trustee's Objection will be sustained[13] and the Motion will be denied. The Court will enter an Order accordingly.

DATED: January 28, 2011



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

---

[12] As noted, HSBC's Motion does not purport to attack the effectiveness or finality of the confirmation order, so ¶ 7.2 controls. *See* § 1327(a).

[13] It is sustained only in part. *See supra* note 5.

MEMORANDUM OF DECISION - 6